HALL *et al. vs.* HUFF *et al.*

1. Where upon a bill against several defendants residing in the county, and two residing out of the county, charging fraud, etc. upon the non-resident defendants, and notice of the fraud, etc. by the resident defendants, the jury, by their verdict, negative this notice as to all of the resident defendants, and also negative the fraud as to one of the non-resident defendants, and thereupon a decree is entered, denying any relief whatever as to the non-resident defendants, the complainant is not entitled to have the decree amended at a subsequent term of the court, so as to charge the non-resident defendants jointly, one as principal and the other as surety, upon a

bond in which they alone are the obligors, and to which the resident defendants are all strangers, though the bond be set forth in the bill, with a prayer for a decree thereon in the event the suit fails as against the resident defendants, there being in the verdict of the jury no finding touching a breach of the bond, or touching any liability thereon whatsoever, and the answers to the bill not containing admissions upon which a decree on the bill could be founded. The verdict consisting wholly of answers by the jury to specific questions propounded by the court, and no questions relating to a breach of the bond or damages for such breach having been propounded, and the bond being a sort of excrescence, not part of the main controversy, and being, moreover, a proper subject-matter for an action at law in the county where the makers of it reside, the fair presumption is that no trial took place as to it, and that recovery upon it was not sought or insisted upon at the hearing.

2. Where the court acquires jurisdiction against non-resident defendants by virtue of a prayer for relief against them jointly with resident defendants, can separate relief against them be decreed after the claim of the bill for joint relief has proved unfounded, and all relief against the resident defendants has been denied? *Query.*

October 26, 1887.

Equity. Decrees. Amendment. Bonds. Principal and surety. Verdict. Jurisdiction. Before Hon. W. R. Hammond, judge *pro hac vice.* Fulton superior court. September term, 1886.

Reported in the decision.

T. P. Westmoreland and Jas. A. Gray, for plaintiffs.

Candler, Thomson & Candler and A. A. Manning, for defendants.

Bleckley, Chief Justice.

There was a trust in favor of the wife and children of the trustee. The property was realty situated in this city. The deed provided that it could be sold by leave obtained upon application of the trustee and all the beneficiaries to the chancellor. Such application took place, leave was granted, and an exchange was made with a certain person

for other property situated in another county. The wife of the trustee died, leaving an only child, who was then the sole beneficiary. She filed a bill in Fulton county against her father (the trustee) and the purchaser under him, both of whom were residents of Whitfield county, to set aside that exchange. She alleged fraud and combination between them, and attacked the order of sale, partly on the ground that her mother's consent had been procured to the application from which it resulted, by false and fraudulent representations of the purchaser as to the character and value of the property which he gave for the trust property, and by undue influence of her father, the trustee. Several residents of Fulton county were also parties defendant. It was alleged that they had purchased from, and still held the trust property under, this first purchaser, with notice of the matters that rendered the sale or exchange by the trustee invalid.

The bill also set forth that, upon granting the order of sale, a bond from the trustee, with security, had been required for the faithful conduct of the sale, and for due application and use of the proceeds. It was alleged that the surety upon that bond was the first purchaser. The bond, the obligee in which was not the beneficiaries of the trust but the ordinary of Fulton county and his successors in office, was set forth in the bill by way of exhibit, and there was a prayer that, in case the sale should not be set aside and the land recovered, a decree be rendered against the makers of the bond for damages. The special prayers relating to the main purpose and object of the bill were for setting aside the sale, the cancellation of deeds, account by all the defendants for rents and profits, etc. There was also a general prayer for relief. The obligee in the bond was not a party to the bill.

All the defendants answered, and the case came to a hearing before a jury; and on that hearing, quite a number of questions were propounded to and answered by the jury. The answers to some of the questions were, in sub-

stance, that the first purchaser made false but not fraudulent representations to procure the assent of the complainant's mother to the application for the order of sale; that these representations, together with the undue influence of the trustee, procured her assent; that, nevertheless, she had full and fair opportunity to examine for herself the property taken in exchange; that it was of less value than the trust property, the difference being $4,600; that there was no conspiracy with the trustee by the purchaser to misapply the fruits of the exchange; that there was not a substantial compliance with the requisitions of the chancellor in the matter of giving bond and security; and that the resident defendants purchased and paid, without notice of any abuse of the trust.

Upon these and other findings of the jury, the court rendered a decree denying all relief against the resident defendants and confirming their title to all the property that they had purchased. There was no other decree at that time made. At a subsequent term of the court, the complainant moved to amend the decree, and offered an amendment written out, which the court was requested to allow and adopt. Notice was given of the motion, it was resisted, the court denied it, and the denial of it is the subject-matter of this writ of error.

It appeared upon the face of the bill that the trustee and the first purchaser, against whom this amended decree was applied for, both resided out of the county. The complainant, by her proposed amendment, sought to obtain a decree against the non-resident defendants, one as principal and the other as surety jointly upon the bond, for the difference in value, as found by the jury, between the property received and the property given in exchange. The answers of these defendants, as set forth in the record, do not contain any admissions upon which a decree against them upon the bond could be rested; and the jury did not hear or answer any question touching a breach of the bond or the liability of any person therefor. The only allusion

Hall *et al. vs.* Huff *et al.*

to any bond in their findings, declares that there was not a substantial compliance with the chancellor's order as to giving bond and security.

It will be observed that before this amendment was applied for, the cause had terminated by a final decree as to all of the resident defendants. There was as to them no case pending; and this supplementary proceeding is one that is carried on exclusively against non-residents, when they have been severed by final decree from all the defendants that gave the court in Fulton county any jurisdiction.

1. Where upon a bill against several defendants residing in the county, and two residing out of the county, charging fraud, etc. upon the non-resident defendants, and notice of the fraud, etc. by the resident defendants, the jury by their verdict negative this notice as to all of the resident defendants and also negative the fraud as to one of the non-resident defendants, and thereupon a decree is entered denying any relief whatever as to the resident defendants, the complainant is not entitled to have the decree amended at a subsequent term of the court so as to charge the non resident defendants jointly, one as principal and the other as surety, upon a bond in which they alone are the obligors, and to which the resident defendants are all strangers, though the bond be set forth in the bill with a prayer for a decree thereon in the event the suit fails as against the resident defendants, there being in the verdict of the jury no finding touching a breach of the bond, or touching any liability thereon whatsoever, and the answers to the bill not containing admissions upon which a decree on the bond could be founded. The verdict consisting wholly of answers by the jury to specific questions propounded by the court, and no questions relating to a breach of the bond or damages for such breach, having been propounded, and the bond being a sort of excrescence, not part of the main controversy, and being, moreover, a proper subject-matter for an action at law in

the county where the makers of it reside, the fair presumption is that the trial took place as to it, and that recovery upon it was not sought or insisted upon at the hearing.

2. Where the court acquires jurisdiction against non-resident defendants by virtue of a prayer for relief against them jointly with resident defendants, can separate relief against them be decreed after the claim of the bill for joint relief has proved unfounded, and all relief against the resident defendants has been denied? *Query.*

Judgment affirmed.